## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GLENN MILLER, on behalf of himself and all
others similarly situated,

Plaintiff(s),

-against-

THE LEVINBOOK LAW FIRM, P.C., and JOHN
DOES 1-25,

Defendant(s).

Civil Case Number: _____

## CIVIL ACTION

### CLASS ACTION COMPLAINT
### AND DEMAND FOR JURY TRIAL

Plaintiff, GLENN MILLER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, THE LEVINBOOK LAW FIRM, P.C., ("LEVINBOOK"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      THE LEVINBOOK LAW FIRM, P.C. maintains a location at 77 Arkay Drive, Suite C1, Hauppauge, New York 11788.

8.      Upon information and belief, LEVINBOOK LAW FIRM, P.C. uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      LEVINBOOK LAW FIRM, P.C. is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New

York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All City of New York consumers who were sent letters and/or notices from THE LEVINBOOK LAW FIRM, P.C. concerning a debt owed to another, after THE LEVINBOOK LAW FIRM, P.C., was notified that such consumers were represented by an attorney.

> and/or

> All City of New York consumers who were sent letters and/or notices from THE LEVINBOOK LAW FIRM, P.C. concerning a debt owed to another, after THE LEVINBOOK LAW FIRM, P.C., was notified to cease communication with such consumers.

> The class definition may be subsequently modified or refined.

> The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, **Exhibt C**, and **Exhibit D**, except that the undersigned attorney has, in accordance

with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692c *et seq.*; and 1692e *et seq.*;

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On September 18, 2015, Plaintiff incurred a financial obligation to ENT & Allergy Associates, LLP ("ENT").

16.     The ENT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The ENT obligation did not arise out of a business transaction.

18.     The ENT obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     ENT is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     On or before November 30, 2017, ENT referred the ENT obligation to LEVINBOOK for the purpose of collections.

21.     At the time ENT referred the ENT obligation to LEVINBOOK, the obligation was past due.

22.     At the time ENT referred the ENT obligation to LEVINBOOK, the obligation was in default.

23.     LEVINBOOK caused to be delivered to Plaintiff a letter dated November 30, 2017, which was addressed to Plaintiff.  **Exhibit A.**

24.     The November 30, 2017 letter was sent to Plaintiff in connection with the collection of the ENT obligation.

25.     The November 30, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     Upon receipt, Plaintiff read the November 30, 2017 letter.

27.     The November 30, 2017 letter provides the following information regarding the "Amount Due" claimed due on the ENT obligation:

Amount Due:  $50.00

28.     The November 30, 2017 letter also in bold face font stated in part that:

> **Unless you notify this office within thirty (30) days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid**.

29.     On December 29, 2017, Plaintiff, through his undersigned attorney disputed the ENT obligation in writing *via* facsimile to (631) 291-9570 and First Class Mail. A copy of such dispute is annexed hereto as **Exhibit B**.

30.     The December 29, 2017 dispute letter stated in part:

The Levinbook Law Firm, P.C.
77 Arkay Drive, Suite C1
Hauppauge, New York 11788

>     Re:     Glen Miller
>             Creditor: Ent & Allergy Associates (L)
>             Account No.: XXXXX

To Whom It May Concern:

This firm has been retained to represent the interests of Glen Miller, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Miller.

31.     On January 2, 2018, after receiving the December 29, 2017 dispute letter, LEVINBOOK caused to mail a letter and certain documents to the undersigned attorney.

32.     The January 2, 2018 letter stated in part:

Per your request, please find attached a copy of the itemized statement from our client referenced above....

A copy of said letter is annexed hereto as **Exhibit C**.

33.     On January 3, 2018, after receiving the December 20, 2017 and sending a response to the undersigned attorney, LEVINBOOK sent a letter directly to Plaintiff at his home address.  A copy of said letter is annexed hereto as **Exhibit D**.

34.     The January 3, 2018 letter stated in part:

> Our records indicate that we have not receive[d] a response to our previous letter which was sent by this law office to you in regard to the above reference medical debt owed to the above referenced medical provider.

## POLICIES AND PRACTICES COMPLAINED OF

35.    It is LEVINBOOK's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit C**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Communicating direct with a consumer after it knew or should have known that such consumer was represent by an attorney; and

    (c)    Communicating direct with a consumer after it was notified to cease communications with such consumer.

36.    On information and belief, LEVINBOOK sent written communications in the form annexed hereto as **Exhibit C**, to at least 40 natural persons in the State of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

37.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.    Collection letters and/or notices, such as those sent by LEVINBOOK, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.    15 U.S.C. §1692c(a)(2) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may

not communicate with a consumer in connection with the collection of any debt
--

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer...

40.     LEVINBOOK violated 15 U.S.C. §1692c(a)(2) by sending a letter dated January 3, 2018, directly to Plaintiff, when it knew or should have known that Plaintiff was represented by an attorney.

41.     15 U.S.C. §1692c(c) provides:

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

42.     LEVINBOOK violated 15 U.S.C. §1692c(c) by sending a letter dated January 3, 2018, directly to Plaintiff after it received written notice to cease communications with Plaintiff.

43.     15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section --

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44.     LEVINBOOK violated 15 U.S.C. § 1692e(10) by falsely representing in the January 3, 2018 letter, which was sent directly to Plaintiff, that it did not receive a response to it previous letter, when Plaintiff did in fact response through his undersigned attorney, and such response was acknowledged in LEVINBOOK's written reply to such attorney January 2, 2018.

45.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

46.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

47.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

48.     Plaintiff has suffered damages and other harm as a direct result of LEVINBOOK's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., , as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 16, 2018

                         *s/ Joseph K. Jones*
                         Joseph K. Jones, Esq.
                         JONES, WOLF & KAPASI, LLC
                         One Grand Central Place
                         60 East 42nd Street, 46th Floor
                         New York, NY 10017
                         (646) 459-7971 telephone
                         (646) 459-7973 facsimile
                         jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

# THE LEVINBOOK LAW FIRM, P.C.

77 ARKAY DRIVE, SUITE C1
HAUPPAUGE, NEW YORK 11788

Neil S. Levinbook
*Admitted in NY & NJ

Randi Seidner
*Admitted in NY

TELEPHONE : (631) 612-2732
TOLL FREE:    (855) 699-1818
All inbound and outbound telephone
calls may be monitored and/or recorded

FAX: (631) 291-9570
Facsimile transmissions may be viewed
by persons other than the intended
recipient

November 30, 2017

Creditor:      ENT & ALLERGY ASSOCIATES (L)
Patient Name: GLENN MILLER, II

Account Number: ▮▮▮▮
Date(s) of Service:  09/18/15 - 09/18/15
Amount Due:      $50.00

Dear GLENN MILLER, II:

The above-referenced medical debt  has been referred to our office.  At this time no attorney associated with The Levinbook Law Firm, P.C. has reviewed the particular circumstances relevant to your medical account.

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, we will obtain verification of the debt or a copy of any judgment and a copy of such verification or judgment will be mailed to you. Upon your written request sent within (30) days after receiving this notice we will provide you with the name and address of the original creditor if different from the current creditor.**

If you wish to pay this debt, or any portion thereof, you may make payment by check made payable to "The Levinbook Law Firm, P.C." and mail your check to the address set forth at the top of this letter.  Please place your account number (as is set forth) on your check.  You may also pay by money order or credit card.

You may also make payment online by going to: https://www.paydatacenter.com
Your information for payment is as follows:
Access Code: LLFPAY Account Number: 00181543 PIN: 54556

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 2046652

## PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

THE LEVINBOOK LAW FIRM P C
77 ARKAY DRIVE SUITE C1
HAUPPAUGE NY 11788

ADDRESS SERVICE REQUESTED

GLENN MILLER, II

THE LEVINBOOK LAW FIRM, P.C.
77 ARKAY DRIVE SUITE C1
HAUPPAUGE NY 11788

# Exhibit

# B



*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*Reply to:  New York*

December 29, 2017

<u>Via Facsimile (631) 291-9570 and First Class Mail</u>

The Levinbook Law Firm, P.C.
77 Arkay Drive, Suite C1
Hauppauge, New York 11788

              Re:     Glen Miller
                     Creditor: Ent & Allergy Associates (L)
                     Account No.: ████████

To Whom It May Concern:

      This firm has been retained to represent the interests of Glen Miller, relative to the above-referenced matter.

      Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Miller.  Furthermore, Mr. Miller hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

      As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if The Levinbook Law Firm, P.C., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

      Your anticipated cooperation in this matter is appreciated.

                     Very truly yours,
                     Jones, Wolf & Kapasi, LLC

                     */s/ Joseph K. Jones*
                     Joseph K. Jones
                     Attorney at Law

HP Officejet Pro 8630 Series

**Fax Log for**
Joseph K. Jones, LLC
16464597973
Dec 29 2017 6:27PM

<u>Last Transaction</u>

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| | | | | Digital Fax | | |
| Dec 29 | 6:26PM | Fax Sent | 816312919570 | 0:47 N/A | 1 | OK |

# Exhibit

# C

# THE LEVINBOOK LAW FIRM, P.C.

77 ARKAY DRIVE, SUITE C1
HAUPPAUGE, NEW YORK 11788

Neil S. Levinbook
*Admitted in NY & NJ

TELEPHONE:  (631) 612-2732
All inbound and outbound telephone
calls may be monitored and/or recorded

FAX:  (631) 291-9570
Facsimile transmissions may be
viewed by persons other than the
intended recipient

January 2, 2018

JONES, WOLF & KAPASI LLC
60 EAST 42ND STREET
46TH FLOOR
NEW YORK, NY 10165

Re:    **Our Client:        ENT & ALLERGY ASSOCIATES, LLP**
       **Patient Name:     Glen Miller**
       **Balance:          $ 50.00**

To Whom it May Concern,

Per your request, please find attached a copy of the itemized statement from our client referenced above, along with a copy of the payment information from Mr. Miller's insurance, showing the balance was applied to his copay.

To discuss this matter further, please call our office at (631) 612-2732.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Truly yours,

Melissa Pappa
Collections Supervisor

**Make Checks Payable To:**

ENT And Allergy Associates, LLP
P.O. Box 5001
White Plains, NY 10602-5001

| IF PAYING BY CREDIT CARD, FILL OUT BELOW |
|---|

Check Card Using For Payment

☐ Discover   ☐ Mastercard   ☐ Visa

| Card Number | | CVV | Amount |
|---|---|---|---|
| Signature | | | Exp. Date |

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NUMBER |
|---|---|---|
| 01/02/2018 | $50.00 | |
| Tax id: 134000192 | SHOW AMOUNT PAID HERE $ | |

ADDRESSEE:

**Glenn  Miller, II**

USA

REMIT TO:

**ENT And Allergy Associates, LLP**
P.O. Box 5001
White Plains, NY 10602-5001
USA
(914) 333-5900

☐ Please check box if above address is incorrect or insurance
information has changed and indicate change(s) on reverse side.

**PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT**

| DATE | PATIENT NAME | PROVIDER | CPT4 | DAIG | DESCRIPTION OF SERVICE | AMOUNT |
|---|---|---|---|---|---|---|
| 09/18/15 | Glenn Miller, II | Yankelowitz MD, Stanley | | | OV, New Pt, Level III | $200.00 |
| 09/18/15 | Glenn Miller, II | Yankelowitz MD, Stanley | | | Laryngoscopy Flexible Diagnostic | $300.00 |
| 01/21/16 | | | | | Cigna PPO Payment | -$118.94 |
| 01/21/16 | | | | | Cigna PPO Payment | -$193.09 |
| 01/21/16 | | | | | Cigna PPO -- Portion Not Paid | -$31.06 |
| 01/21/16 | | | | | Cigna PPO -- Portion Not Paid | -$106.91 |

| Account Number | Charges | Payments | Refunds Adjustments | Estimated Balance Due From Insurance | Balance Due From Patient |
|---|---|---|---|---|---|
| 1286438 | $500.00 | -$312.03 | -$137.97 | $0.00 | $50.00 |

MESSAGE:
For Billing Inquiries please call 914-333-5900.
(If outside of NY State call 888-637-8324).

| Please Pay This AMOUNT >>>> $50.00 |
|---|

** PAYMENT DUE UPON RECEIPT *THANK YOU **
ENCOUNTER INVOICE

# Exhibit

# D

# THE LEVINBOOK LAW FIRM, P.C.

## 77 ARKAY DRIVE, SUITE C1
## HAUPPAUGE, NEW YORK 11788

Neil S. Levinbook
*Admitted in NY & NJ

Randi Seidner
*Admitted in NY

TELEPHONE : (631) 612-2732
TOLL FREE:   (855) 699-1818
All inbound and outbound telephone
calls may be monitored and/or recorded

FAX: (631) 291-9570
Facsimile transmissions may be viewed
by persons other than the intended
recipient

January 3, 2018

Creditor:        ENT & ALLERGY ASSOCIATES (L)
Patient Name:  GLENN MILLER, II

Account Number:        █████2
Date(s) of Service:  09/18/15 - 09/18/15
Amount Due:          $50.00

Dear GLENN MILLER, II:

Our records indicate that we have not receive a response to our previous letter which was sent by this law office to you in regard to the above referenced medical debt owed to the above referenced medical provider.  At this time no attorney associated with our law firm has reviewed the particular circumstances of your account with our client.

The above-referenced medical provider has retained our law office to collect this debt.  Please contact our law office so that we may discuss resolution of this debt.

You may also make payment online by going to: https://www.levinbooklaw.com and click the "Pay Now" button

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 2046652

## PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

THE LEVINBOOK LAW FIRM P C
77 ARKAY DRIVE SUITE C1
HAUPPAUGE NY  11788

ADDRESS SERVICE REQUESTED

GLENN MILLER, II
█████2

THE LEVINBOOK LAW FIRM, P.C.
77 ARKAY DRIVE SUITE C1
HAUPPAUGE NY  11788